HENRY P. HURLEY *vs.* ELIZA J. HAMILTON and others.

June 28, 1887.

**Probate Court—Jurisdiction—Partition—Estates of Decedents.**—The power to make partition, conferred upon the probate court by Gen. St. 1878, *c.* 56, is only given as an incident of settling the estates of deceased persons, and as a part of the final step of administration,—viz., the decree of distribution,—and can only be exercised while the land is still in the possession of the court for the purposes of administration. After the administration is closed, and the land assigned to the heirs by a decree of distribution in common or undivided shares, no subsequent proceeding for partition can be instituted in the probate court.

Plaintiff brought this action in the district court for Washington county, to obtain a partition of certain real estate owned, as alleged in the complaint, by the plaintiff and the defendants Hamilton, Orff, and Boughton as tenants in common. The answer of the defendants Judson Orff and his wife, set out the following facts, viz.: One Anna Kilbourn died seized of the real estate described in the complaint, and her estate was duly administered upon by the probate court of Washington county, which court, on October 13, 1884, duly assigned the estate to her heirs as tenants in common. Thereafter, and on April 5, 1885, the said probate court, upon proceedings duly had therein, duly partitioned the said estate among the persons entitled thereto, and set off a certain specified portion of the real estate described in the complaint to the plaintiff, and the remainder thereof, in separate tracts, to the defendants Hamilton and Boughton. The defendant Orff has succeeded to all the interests of the defendants Hamilton and Boughton. On June 11, 1885, the plaintiff obtained from the probate court an order to show cause why these partition proceedings should not be vacated and a new partition made. The matter was argued and submitted, and the order to show cause was discharged. The plaintiff appealed to the district court, where the appeal was dismissed, and the proceedings of the probate court were affirmed.

To this answer the plaintiff demurred; his demurrer was sustained by *McCluer,* J., and the defendants Orff and wife appealed.

*J. N. & I. W. Castle*, for appellants.

*Arthur N. Jordan* and *Jordan & Forests*, for respondent.

MITCHELL, J.[1] The constitution expressly limits the jurisdiction of the probate court to the estates of deceased persons and persons under guardianship. It follows that it can have no general jurisdiction in regard to the partition of real estate. The power to make partition, conferred upon that court by Gen. St. 1878, *c.* 56, is only given as an incident of settling the estates of deceased persons, and as a part of the final step of administration, viz., the division of the property among the heirs or devisees after the estate has been otherwise fully administered. This chapter provides, in certain cases, for a division or partition and an assignment to each of his share in severalty. In other cases the partition may be dispensed with, and the estate assigned to all in common or undivided shares. But the partition provided for is but a step towards an assignment, and it is to be done while the land is still in the possession of the executor or administrator for the purposes of administration. The statute never contemplated a proceeding in probate court for the purposes of partition after the administration is closed and the lands assigned or turned over to the heirs or devisees. When that is done, the property has passed out of court, and the probate court has no longer any jurisdiction over it. Any proceeding thereafter for partition would not be a step in the administration of the estate of a deceased person, and hence would not be within the jurisdiction of a probate court. See *State* v. *Probate Court*, 33 Minn. 94, (22 N. W. Rep. 10;) *Cox* v. *Ingleston*, 30 Vt. 258.

Order affirmed.

[1] Berry, J., owing to illness, was absent, and took no part in the decision of this case.