58    29
84    294

## In re CHARLES SCHEFFER'S ESTATE.

Argued May 25, 1894. Reversed June 22, 1894.

Nos. 8912,–8913.

To close administration of an estate a decree of distribution is requisite.

> To close administration, or to relieve executors from their responsibility as such, or to change their possession as such, of any part of the estate, into possession as legatees under the will, requires the action of the probate court, evidenced by order or decree showing with certainty its intention to produce such result.

Hearing on the merits ordered.

> Judgment reversed, and court below directed to hear the appeal on the merits.

Appeal by Dudley J. Scheffer, Charles F. Scheffer and Jennie G. Greene, legatees under the will of Charles Scheffer, deceased, from a judgment of the District Court of Ramsey County, *John W. Willis,* J., entered January 9, 1894, reversing a decree of the Probate Court of that county.

August 8, 1875, Charles Scheffer of St. Paul died testate. His will was admitted to probate on September 27, 1875, and letters testamentary issued to Albert Scheffer, George R. Finch and Charles N. Nelson. They accepted and filed an inventory of the estate. The bulk of the property was devised and bequeathed unto the executors in trust to convert into money and to loan the proceeds upon security and pay the interest to his widow during widowhood for the support of his family and the education of his children. If the estate so realized should exceed $60,000 then out of the excess certain bequests were to be paid to the sisters of the testator. As each of his four children should become twenty-one years of age the one half of his or her fourth part of the trust fund was to be paid over to him or her and the residue when the child should become thirty years of age.

The executors filed accounts from time to time as stated in the opinion but no formal decree was ever made in the Probate Court assigning the property to the executors as devisees or legatees to have and hold in trust according to the will. On February 10, 1893, the executors filed their account by which it appeared that they had invested a large part of the $60,000 in stocks of the German Accident Insurance Company, the German Fire Insurance Company, the Commercial National Bank and other corporations which had since greatly depreciated in value. The Probate Court ordered that the account and two former accounts on file, be examined March 8, 1893, and that notice be given to all persons interested. Charles F. Scheffer and Dudley J. Scheffer, the two sons of the deceased and Jennie G. Greene, his widow, since remarried, appeared and objected to these stock investments. The Probate Court on May 17, 1893, disallowed the investments in the stocks of the corporations and charged the executors with $57,522.24 and interest thereon. They appealed to the District Court where they claimed that they made the investments as trustees under the will and not as executors. On their motion an order was made November 25, 1893, reversing the judg-

ment of the Probate Court for want of jurisdiction in that Court to take cognizance of or decide the controversy. Judgment was entered on that order January 9, 1894. The sons and Mrs. Greene thereupon appealed both from the order and from the judgment, being in doubt as to the practice. The controversy was whether Al-' bert Scheffer, George R. Finch and Charles N. Nelson made the investments in the stocks as executors or as trustees. If, as trustees, it was manifest that the Probate Court had no jurisdiction under the Constitution to examine and settle their accounts with the beneficiaries under the trust.

*Henry C. James*, for appellants.

The Probate Court is the proper tribunal and the only one that can in the first instance make distribution of this estate; until it has done so, it retains its jurisdiction over the estate. *Huntsman* v. *Hooper*, 32 Minn. 163; *State ex rel.* v. *Ueland*, 30 Minn. 29; *Culver Hardenbergh*, 37 Minn. 225; *Palmer* v. *Pollock*, 26 Minn. 433.

No one of these stock investments was either such as the law or the will allowed; there never was any actual transfer of the funds by the executors to themselves as trustees, and the sureties on the executor's bond will be liable for the faithful discharge of their duties. *Prior* v. *Talbot*, 10 Cush. 1; *Miller* v. *Congdon*, 14 Gray, 114; *Hall* v. *Cushing*, 9 Pick. 395; *Conkey* v. *Dickinson*, 13 Metc. 51; *Hardy* v. *Inhabitants of Yarmouth*, 6 Allen, 277.

A settlement of a final account, unless so expressed, does not constitute an order or decree of distribution so as to conclude an heir or legatee who has not received his share of the balance found in the administrator's hands.

*Warner, Richardson & Lawrence*, for respondents.

On January 24, 1887, the executors as such verified and filed in the Probate Court their report showing that all their duties as officers of that court had been discharged and that they had already entered on the discharge of their duties as trustees under the will; and that the entire residue of the estate had been invested and was then held by them as such trustees under and according to the terms of the trusts created and established by the will. This report was made

under 1878 G. S. ch. 54, § 9, as amended by Laws 1885, ch. 10, and upon due notice to all persons interested as required by 1878 G. S. ch. 54, § 14. It was on February 25, 1887, confirmed by order of the Probate Court.

Respondents contend that whether they became clothed by the letters testamentary with the legal title or with a mere power, yet whenever the purpose thereof had been attained then such title or power ceased *ipso facto et jure;* and that too, without entry of a decree under 1878 G. S. ch. 56, § 4. That if such a decree be a condition precedent in any case, yet it is not in a case like this, where the executors under the letters are the same persons who take as trustees under the will. Because in such a case they are not "other persons as are by law entitled to the same" and therefore they are not within the letter of said section. We took this statute from Wis. R. S. 1849, ch. 72. Wisconsin took it from Mich. R. S. 1846, ch. 74, and it seems to have came from Vt. R. S. ch. 117, § 2239.

Under these circumstances the decisions from those states and such others as have the same provisions ought to be authoritative here. *Hayes* v. *Hayes,* 48 N. H. 219; *Babbitt* v. *Bowen,* 32 Vt. 437; *Bridgman* v. *St. Johnsbury & L. C. R. Co.,* 58 Vt. 198; *Proctor* v. *Robinson,* 35 Mich. 284; *Eberstein* v. *Camp,* 37 Mich. 176; *Calkins* v. *Smith's Estate,* 41 Mich. 409; *Brown* v. *Forsche,* 43 Mich. 492; *Dickinson* v. *Reynolds,* 48 Mich. 158; *Willard* v. *Van Leeuwen,* 56 Mich. 15; *Foote* v. *Foote,* 61 Mich. 181; *Kirby* v. *State,* 51 Md. 383; *State* v. *Cheston,* 51 Md. 352; *Walworth* v. *Abel,* 52 Pa. St. 370; *Weir* v. *People,* 78 Ill. 194; *Hitchcock* v. *Merrick,* 15 Wis. 522; *Roys* v. *Vilas,* 18 Wis. 169; *Humphreys* v. *Keith,* 11 Kan. 108.

It may be contended that the Probate Court had jurisdiction by consent expressed by filing reports, etc. but consent cannot extend to a subject matter not within the power of the court to hear. There must be jurisdiction *in posse;* and that is conferred by the law, not by the parties.

This proceeding was in no proper sense "a step in the administration of the estate of a deceased person," and hence it was not within the jurisdiction of the Probate Court. *Hurley* v. *Hamilton,* 37 Minn. 160; *Dunning* v. *Ocean Nat. Bank,* 61 N. Y. 497; *Simpson* v. *Cook,* 24 Minn. 180; *Officer* v. *Simpson,* 27 Minn. 147.

CANTY, J. Charles Scheffer died in 1875, leaving a will in which these respondents were named executors. In September, that year, the will was admitted to probate in Ramsey county, and letters testamentary issued to the executors. The will made two direct money bequests, to take effect only if the estate left to the executors in trust for the benefit of the testator's children shall amount to $60,-000. There are several bequests of specific chattels; the homestead and furniture was left to the wife and the remainder of the estate to the executors in trust for various purposes. The return on this appeal does not show what further was done in the administration till February, 1887, when the executors filed their account of receipts and disbursements from November 15, 1884, to January 20, 1887. The Probate Court thereupon appointed a time for the examination of the account, and caused notice thereof to be duly served. On the day appointed the court examined the account, and made an order to the tenor that: "It appearing that said executors have accounted for every part of the estate coming to their hands and that no profit has been made by them on any increase thereof, and the account of the said executors having been settled and adjusted, and a summary statement of the same as finally settled, allowed and adjusted by this court being below and herewith on motion of Wm. S. Moore, attorney for the said executors, ordered, that the said accounts be, and the same are, finally settled and allowed as filed and adjusted in and by this court." Subsequently, the executors filed an account of receipts and disbursements from January 20, 1887, to February 20, 1888, and one from February 20, 1888, to January 27, 1890, and one from January 27, 1890, to February 10, 1893. No action seems to have been taken on the first two of these accounts until the third was filed, when the court appointed a time for examining the three, and caused notice thereof to be served. On the day appointed, several parties interested in the estate appeared, and objected to various items of disbursements in the accounts; and on an examination the court disallowed those items, the aggregate thereof being a large amount. From the order made by the court the executors appealed to the District Court, and that court reversed the order of the Probate Court on the ground that the latter court had no jurisdiction over the subject matter of the order, to wit, the accounts.

This position seems based on the proposition that when the accounts were filed, and when the receipts and disbursements were made, the moneys referred to in them were held, not as executors, but as trustees, under the will, and, as the Probate Court has no jurisdiction over trusts, it had no authority to call the trustees to account for their administration of the trusts. If they were in possession as trustees, and not as executors, the proposition would be true.

The whole estate of every deceased person is subject to administration, whatever disposition may be made of it by will. Whenever the jurisdiction of the Probate Court attaches in the particular instance to the estate, the whole of it, and more especially the personalty, comes within the authority and control of the court, for the purpose of administration; for distribution according to law and to the directions of the will, if there be one. The control of the property the court exercises through the executor or administrator, whose duty it is to bring it into his possession. Until it has passed to him through administration, no legatee, whether the bequest be to him in his own right, or as trustee, and no next of kin, has a right to the possession. That right is in the executor or administrator, as such, and if he takes possession he takes it in that capacity.

When he has once got it in possession in that capacity, he cannot discharge himself of responsibility for it. The court alone can discharge him. If he be also a legatee or next of kin, he cannot determine that his possession as officer of the court shall cease, and that thereafter he will hold as legatee or next of kin. The court alone can do that. He cannot determine when the administration shall be closed, and when the jurisdiction of the court shall cease. The court alone can do that.

So that, in the case of one who is executor, and also a legatee, in trust or otherwise, to ascertain whether his possession as executor has ceased, and his possession as legatee begun, we must look to the action of the court upon the matter.

In the exercise of their functions by Probate Courts, things that are mere formalities are not required. On the matters of closing administration, of discharging the executor, or relieving him from further responsibility, an accurately drawn and formal order or decree may not be necessary. But there must be some order or de-

cree which contains the substance of the matter, which shows that the attention of the court was directed to it, and that it intended the result claimed. That must appear with certainty, beyond mere conjecture.

There is nothing in this case, so far as the record shows, indicating that the attention of the Probate Court was ever directed to the matter of closing the administration, or of changing the position of respondents, of the estate, or any part of it, from possession as executors to possession as legatees or trustees, or that the court intended to close administration, or to discharge the respondents, to any extent, from their responsibility as executors. That the court allowed an account, from which may be inferred that they had made investment of funds of the estate, which, without any order of the court, they had no authority to make, but which they might make as trustees, when they came to hold the funds as such, is not enough.

Judgment reversed, and the court below directed to hear the appeal on the merits.

Buck, J., took no part in the decision.

(Opinion published 59 N. W. 956.)