ANNA SCHMIDT v. HUGO L. STARK.[1]

May 10, 1895.

Nos. 9170—(27).

| 61 | 91 |
|----|-----|
| f84 | 293 |
| 84 | 294 |

Probate Court—Decree of Distribution.

Where the estate of a deceased person has been fully administered, and a decree of distribution has been made, assigning the residue of the estate in the hands of the personal representative to the parties entitled thereto, the jurisdiction of the probate court is ended; and, if the personal representative does not deliver the property to the distributees, they may bring an action against him in the district court. But in this case the probate court assumed to assign one undivided fifth of the estate to the plaintiff, leaving the other four undivided fifths not fully administered and unassigned. *Held*, that plaintiff could not maintain an action in the district court against the personal representative to recover one undivided fifth of the estate.

Action in the district court for Nicollet county. The complaint alleged in substance that by the will of Charles P. Stark, deceased, plaintiff was entitled to one undivided fifth of certain real and personal property; that the will was duly probated and that defendant was appointed administrator with the will annexed and took possession of said property; that defendant made a report of his administration, showing that he had in his possession said real

[1] Reported in 63 N. W. 255.

property and certain personal property, and that the probate court thereupon allowed the report and assigned one undivided fifth of all such property to plaintiff; that defendant had failed to turn over to plaintiff her share of the personal property, except a certain part thereof, or to pay to her any part of the income or to deliver possession of the real estate; that defendant had fraudulently obtained from plaintiff releases and receipts in full and assignments or bills of sale of the remainder of her property. The complaint demanded an accounting and a cancellation of the instruments. Defendant answered, and on the trial the court, Webber, J., made an order granting defendant's motion for judgment on the pleadings, on the ground that the complaint did not state facts sufficient to constitute a cause of action and that the court had no jurisdiction over the subject matter, and dismissing the action. From a judgment entered in pursuance of said order plaintiff appealed. Affirmed.

C. R. Davis and Lind & Hagberg, for appellant.

A. A. Stone and M. G. Hanscome, for respondent.

MITCHELL, J. The Probate Code neither authorizes nor provides for an assignment of any part of the estate of a deceased person until after the estate is fully administered. It contemplates but one decree of distribution, by which the entire residue of the estate shall be assigned to those entitled to it, specifying the proportion or part to which each is entitled. G. S. 1894, §§ 4639–4642. Read in the light of the statute and of the admissions of the answer, we think the complaint would fairly admit of being construed as alleging that all this had been duly done, and that the proportion of the estate assigned to plaintiff was an undivided fifth. If this was the state of facts, the jurisdiction of the probate court over the property had ended. The effect of a decree of distribution is to transfer the title to the personalty and the right of possession of the realty from the personal representative to the distributees, devisees, or heirs. The property then ceases to be the estate of the deceased person, and becomes the individual property of the distributees, with the full right of control and possession, and with the right of action for it against the personal representative if he does not deliver it to them. If such an action is neces-

sary, resort must be had to some other forum, for the probate court has no further jurisdiction. Hurley v. Hamilton, 37 Minn. 160, 33 N. W. 912; Gary, Probate Law, §§ 48, 612b, 629, 633. It was, however, virtually conceded by all parties on the argument that the decree of distribution in this instance assigned only plaintiff's share, leaving the other four-fifths of the estate not fully administered and unassigned. We think we are at liberty, for the purpose of affirmance, to construe the complaint in accordance with these admissions. Upon such an anomalous state of facts, we fail to see how plaintiff could maintain this action. If the assignment to her had been of a divided part of the property, there might not have been such serious practical difficulties in the case. But it would seem impossible to award plaintiff possession of an undivided share of the estate while the probate court is still entitled to possession of the property, for the purposes of the administration of, at least, the other undivided four-fifths. If, on the other hand, the district court should assume to make partition, so as to segregate plaintiff's share from the balance of the estate, it would be trenching on the jurisdiction of the probate court; for, until final distribution is made, that court has jurisdiction to make partition as ancillary to and for the purposes of such distribution. The parties having by an irregular and anomalous procedure gotten themselves into this dilemma, the only course to pursue is to take steps in the probate court to have the administration of the entire estate fully completed. The fact that some of the distributees are minors is no reason why the administration of the estate of the deceased should be continued until they come of age. Their shares should be turned over to their guardians or testamentary trustees, if any.

The fact that defendant, as alleged, fraudulently obtained from plaintiff receipts for more property than she actually received from him, furnishes no ground for maintaining this action. As to those receipts she needs no relief, for they can be impeached collaterally; and a court of equity will never entertain an action on the ground of fraud when it cannot grant any substantial relief even if the fraud is established.

Order affirmed.