STATE ex rel. MAX MATTESON v. PROBATE COURT OF RAMSEY
COUNTY and Another.[1]

November 1, 1901.

Nos. 12,801—(180).

## Discharge of Administrator.

The Probate Code of this state makes no provision for the formal discharge of an administrator, but the necessary legal effect of an order of the probate court allowing the final account of the administrator and its final decree of distribution, assigning the whole of the estate to the heirs and distributees, is to remove the estate of the deceased from the jurisdiction of the court, and to render the office of administrator, which depends upon such jurisdiction, functus officio.

[1] Reported in 87 N. W. 783.

84 M.—19

Jurisdiction of Probate Court.

After the estate has been so settled and assigned, and while the final decree of distribution remains unreversed and unmodified, the probate court has no jurisdiction to entertain a petition to issue a citation to the administrator requiring him to further account for the property belonging to the estate which is in his possession, or came into his possession.

Alternative mandamus issued out of the district court for Ramsey county on the relation of Max Matteson, directed to the probate court for said county and Hon. E. W. Bazille, judge thereof. From a judgment entered pursuant to an order of Otis, J., denying a peremptory writ and discharging the alternative writ, relator appealed. Affirmed.

*Charles J. Berryhill,* for appellant.

*Durment & Moore,* for respondents.

START, C. J.

Sumner W. Matteson, a resident of the county of Ramsey, having real and personal property therein, died intestate on July 22, 1895. The Security Trust Company was duly appointed by the probate court of such county on September 3, 1895, administrator of his estate, and it duly qualified as such, and duly filed in such court an inventory of such estate. The probate court on the same day, by its order, which was duly published, limited the time for presenting claims against the estate to six months from the date of the order. All claims against the estate presented to the court within the time limited and allowed by the court were paid by the administrator in the due course of administration. Thereafter, and on March 31, 1896, the administrator filed with the court its petition representing that it had fully administered the estate, paid all the debts against the estate allowed by the court, and the expenses of administration, and asking for the allowance of its final account, and the distribution of the residue of the estate to the persons entitled thereto. Such proceedings were thereafter duly had upon the petition that the court on April 27, 1896, allowed the final account of the administrator, and made and entered its decree of distribution of the residue of the estate, describing it, and thereby assigned the property therein de-

scribed and all other estate of the intestate in the state of Minnesota to his heirs and distributees, naming them, and determining the share of each.

Afterwards, and on November 21, 1896, the Security Trust Company filed with the probate court its petition representing that in drafting such final decree certain clerical errors were made, stating them, whereby certain parcels of real estate were erroneously described therein, and other parcels omitted therefrom, and praying that the decree be amended so as to correct the errors. The court made its order so correcting the decree. Neither the order allowing the administrator's account nor the final decree of distribution has ever been opened or set aside. On or before December 15, next following, all the heirs and distributees named in the decree transferred and conveyed to the Matteson estate, incorporated, all the property so assigned to them by the final decree. But the Security Trust Company still has in its possession and now holds certain stocks as collateral security under a pledge made to it by the intestate for the payment of a debt owed by him to it at the time of his death. The value of the stocks exceeds the amount of the debt which they secured. No order has ever been made by the probate court in terms discharging the administrator.

The Black River National Bank, a nonresident creditor of the intestate, on January 4, 1897, made application to the probate court for leave to file its claim against his estate, and have it allowed, and paid out of the assets of the estate. This was denied by the court for the reason that the administration of the estate had been closed, and the court had no further jurisdiction in the premises. Afterwards the bank and another nonresident creditor each brought an action on their respective claims, which had never been presented to the probate court, against the trust company, as administrator, in the circuit court of the United States for the district of Minnesota. Such proceedings were had therein that judgment on April 17, 1899, was rendered in favor of the plaintiff in each case for the full amount claimed against the administrator. The court directed the judgments to be certified to the probate court as claims duly established against the

estate of the intestate, and it was done, but the administrator refused to take any steps for the payment of either of the judgments.

Thereupon the relator herein presented to the probate court a petition asking it to issue a citation to the trust company, as such administrator, requiring it to file an account of any property in its possession belonging to such estate, and to report what disposition had been made of the property inventoried as belonging thereto, and to pay so much of the judgments as could be paid from such property. The court refused to entertain the petition, or to make any order in the premises for the sole reason that it had no jurisdiction to take other or further steps in the administration of the estate.

The relator then sued out of the district court for the county of Ramsey an alternative writ of mandamus based upon the facts here stated, which was directed to the probate court and the judge thereof. The answer of the respondents was an admission of such facts, and upon them the district court awarded judgment denying a peremptory writ of mandamus, and discharging the alternative writ. The relator appealed from the judgment to this court.

The question presented by these facts for our consideration relates solely to the legal effect of the final decree of distribution, assigning the residue of the estate of the decedent to the heirs and distributees, made by the probate court after the settlement and allowance of the final account of the administrator. Stated concretely, the question is: Did the jurisdiction of the probate court over the estate in question cease, and the office of administrator become functus officio, by force of the order of the court allowing the administrator's final account, and its final decree of distribution assigning the residue of the estate? We answer the question in the affirmative.

The jurisdiction of the probate court in Minnesota is not conferred by the common law, nor by any statute of the state, but by our constitution, and is limited to "jurisdiction over the estates of deceased persons and persons under guardianship." Const. art. 6, § 7. It follows that in cases where a court of probate acquires

jurisdiction over the estate of a particular decedent such juris-
diction is ended, and the office of administrator, which depends
upon such jurisdiction, becomes functus officio whenever such
estate passes by operation of law from its final control. No
argument can make this obvious proposition clearer, for it is self-
evident that, if the jurisdiction is limited to the estate of such
deceased person, and the sole basis of such jurisdiction, the estate,
passes from its control, and the right to the possession and
control thereof vests by operation of law in the heirs and dis-
tributees, it has no longer any jurisdiction in the premises.

It is true that our Probate Code contains no provision for the
formal discharge of an administrator, but the necessary theory
and effect of its provisions as to the settlement of his account and
the final decree of distribution, as interpreted by the repeated
decisions of this court, are to devest the probate court of further
jurisdiction when such final decree is made, and to render the
office of administrator functus officio, unless such decree is set
aside on motion, or reversed on appeal.

A clear illustration of this proposition is found in the decision
of this court in the case of Hurley v. Hamilton, 37 Minn. 160, 33
N. W. 912, holding that the probate court had no jurisdiction to
entertain proceedings for the partition of the real estate of a
decedent among the heirs and devisees after the administration
was closed, and the land assigned to them in common by a final
decree of distribution, for the reason that, when such decree was
entered, the property passed out of the control of the court, and
it had no further jurisdiction. In State v. Probate Court of Ram-
sey County, 40 Minn. 296, 41 N. W. 1033, it was held that the effect
of a decree assigning the estate to the heirs was to discharge it
from the administration; that is, from the jurisdiction of the
court.

The result of the decisions of this court as to the effect of an
order of the probate court allowing the final account of the ad-
ministrator, followed by a final decree assigning all of the residue
of the estate to the heirs or distributees, is concisely and correctly
stated by MITCHELL, J., in the case of Schmidt v. Stark, 61 Minn.
91, 92, 63 N. W. 255, in these words:

"The effect of a decree of distribution is to transfer the title to the personalty and the right of possession of the realty from the personal representative to the distributees, devisees, or heirs. The property then ceases to be the estate of the deceased person, and becomes the individual property of the distributees with the full right of control and possession, and with the right of action for it against the personal representative if he does not deliver it to them. If such an action is necessary, resort must be had to some other forum, for the probate court has no further jurisdiction."

See, also, In re Scheffer's Estate, 58 Minn. 29, 59 N. W. 956, Ladd v. Weiskopf, 62 Minn. 29, 36, 64 N. W. 99, and Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18.

It is, however, urged by counsel for the relator that the removal of the property (that is, the estate) from the jurisdiction of the probate court in no wise affects the continuance in office of the administrator of an estate. To hold otherwise, it is claimed, would be a devesting of the probate court of all authority to execute its decree of distribution, leaving the administrator in possession of the estate, and the heirs and distributees remediless. It necessarily follows from the concession of counsel, although not intended by him, that the office of administrator becomes functus officio when the estate is removed, as a result of the decree of distribution, from the jurisdiction of the court, for the office of administrator springs out of and depends for its continued existence upon the jurisdiction of the court over the estate. As well might it be claimed that the branch of a tree can live and put forth its leaves and blossoms after its roots are dead as to claim that the office of administrator can survive the jurisdiction of the court over the estate of which administration was granted.

It is not necessary for the probate court, if it could do so, to retain jurisdiction to enforce its final decree of distribution. The remedy of the distributees in case their respective shares of the residue of the estate are withheld from them by the administrator is an action in the district court against him or against him and his bondsmen. Schmidt v. Stark, supra; Gary, Probate Law, §§ 48, 628.

It is further urged on behalf of the relator that neither the probate court nor the administrator considered that the allowance of the final account and the entry of the decree of distribution ended the jurisdiction of the court, for it afterwards, on the petition of the administrator, amended such decree. It is immaterial what they considered, for the view of either as to the effect of the decree could not change its legal result. The decree was corrected, not in the exercise of any jurisdiction over the estate, but by virtue of the power of the court to amend its records to conform with the facts; that is, to make the records speak truly as to the past official acts of the court. G. S. 1894, § 4730.

Lastly, it is urged by the relator that the administrator still has certain stocks in his possession belonging to the estate, and that it may also have after-discovered personal property of the intestate which it has not disclosed to any one. There is no basis for this assumption in the admitted facts, except that the trust company holds certain stocks as collateral to secure its individual debt against the intestate. But, were it otherwise, the fact still remains that all such stocks and after-discovered property, if any, passed by the decree to the heirs and distributees, for it assigns to them, not only the property therein specifically described, but also all other estate of the deceased in the state of Minnesota. It follows that the probate court rightly declined to issue the citation.

Judgment affirmed.