SCHNORENBERG and others, Appellants, vs. SCHNORENBERG, Respondent.

*September 18—October 8, 1912.*

*Executors and administrators: Giving bond: Extension of time: Stay of proceedings.*

1. Where, after requiring an executrix appointed by the will without bond to give a bond, the county court made an order staying all proceedings for thirty days, it had power to accept and approve a bond given by the executrix after the expiration of the stay.
2. Nothing in secs. 3794, 3795, or 3796, Stats. (1898), precludes such extension of the time for giving bond. The provision in sec. 3796 that "no person named executor in any will, who neglects to qualify for twenty days after probate thereof, shall intermeddle or act as such," merely forbids the executor before qualification to take upon himself the duties of executor or to interfere with the property of the estate.

APPEAL from an order of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of *Sawyer & Sawyer* and *J. H. Schnorenberg.*

*J. C. Russell* and *E. A. Merton,* for the respondent.

TIMLIN, J. Mathias Schnorenberg on January 2, 1911, died testate. By his will his widow, the respondent, was given a life estate in certain personal property, which after her death was bequeathed to his four sons share and share alike. He therein appointed the respondent executrix without bond and two of his sons trustees to take charge of the estate after the death of the widow and convert the same, except the residence property, into money and divide the money according to said will. Petition was made for the probate of the will and the appointment of respondent as executrix. Three of the sons filed objections to such appointment on the ground that she was not competent to act in that capacity or

to discharge the duties of that position.    The county judge on February 28, 1911, found the respondent legally competent and entitled to letters testamentary, but required her to file a bond with sureties in the sum of $50,000.    The sons, intending to appeal from such order to the circuit court, at once asked for a stay of proceedings on the part of the executrix for thirty days.    Following a memorandum in the minutes of the court stating the contents of the order appears the following: "Stay of proceedings granted for thirty days.    Bond in case of appeal fixed at $250."    Objectors having appealed from said order, on April 3, 1911, they filed in the county court a request for the appointment of an administrator with the will annexed, representing that the respondent had not complied with the order of February 28, 1911, and filed her bond. April 6, 1911, the county court, without notice or hearing, overruled this request and ordered that letters testamentary issue to respondent and approved her bond and issued letters testamentary.    From this order appellants appealed to the circuit court.    The last named court on June 24, 1911, remanded this appeal to the county court with directions to that court to make and enter an order in writing stating definitely the order that was actually made by him on February 28, 1911, relating to the stay of proceedings, etc.    Pursuant to the last named order the matter was again brought on for hearing before the county judge upon affidavits, from which it appeared that the request for stay of proceedings originally made was to stay proceedings on the part of the executrix and that the object of making such request was to preserve the *status quo* with reference to the custody and possession of the personal estate, which was in the hands of a special administrator pending the proposed appeal.    Upon these affidavits and after hearing counsel the county judge made a more definite order stating that the order of February 28, 1911, directed by the court, was an order staying all proceedings for thirty days from said date.    This evidently was understood

as staying the proceedings of qualifying by giving bond, etc. This was returned to the circuit court on appeal in due form and thereupon that court made the order appealed from affirming the order of the county court of April 6, 1911, appointing the respondent executrix and accepting and approving her bond. The first appeal from the county court to the circuit court from the order of February 28, 1911, is still pending and undetermined. No point is made against the regularity of this remand, action below, and new return.

From this it appears that the only question raised upon the appeal before this court is whether the county court has power, after requiring an executrix appointed by the will without bond to give bonds and after stay of proceedings on such order, to interpret such stay as extending the time within which she must give bond, or its expiration as fixing the commencement of the period within which she must give bond, or whether he has power to accept and approve such bond given by her more than twenty days after the date of the order requiring the bond. Secs. 3794, 3795, and 3796, Stats. (1898), are relied upon by the appellants. The first requires every executor to give bond; the second exempts from this requirement executors named in a will when the testator has ordered or requested in his will that no bond be required. But in this case, notwithstanding such order or request, the county court may order a bond. Sec. 3796 provides that if the person named as executor in any will "shall, . . . for the space of twenty days after the probate of the same, neglect to give bond as required by law, the county court may grant letters testamentary to the other executors named in the will, if any, who are capable and will accept the trust and give bond. If all named as executors neglect to qualify the court may commit administration of the estate, with the will annexed, as provided in sections 3807 and 3808. No person named as executor in any will, who neglects to qualify for twenty days after probate thereof, shall intermeddle or act as such."

It is said that these statutes are mandatory, particularly the last clause of sec. 3796, *supra*. This clause merely forbids the executor before qualification to take upon himself the duties of executor or to interfere with the property of the estate. Taken all together we find no language in the statutes expressly or by reasonable implication forbidding the county judge to do what was done in this case. His action was well within the powers of any judicial officer at common law. Indeed, many executive and administrative officers have power to permit acts in obedience to their orders to be done after the time specified. Even statutes fixing time within which an act should be done are often construed as directory and the act done afterwards valid. We think the sections of statute cited do not touch this case, and the act of approving her bond and issuing letters testamentary entirely within his power, although more than twenty days had elapsed since he made the first order appointing her and requiring the bond. It follows that the order of the circuit court must be affirmed.

*By the Court.*—Order affirmed.