IN RE ESTATE OF HOWARD DAGGETT.
LUCY P. PETERSON v. LOUIS HALLUM.[1]

February 17, 1939.

No. 32,071.

[1]Reported in 283 N. W. 750.

514

*Louis Hallum*, pro se.
*John T. Galarneault*, for respondent.

STONE, JUSTICE.

November 2, 1935, the probate court by order limited the time for filing and hearing claims against this estate to February 2, 1936. September 22, 1936, respondent's claim was permitted to be filed. By order the hearing on claims was reset for January 25, 1937, when it was again continued to May 10, 1937. After hearing, respondent's claim was allowed. From the order allowing it, the administrator appealed to the district court, which affirmed. From the district court's judgment, this appeal is taken.

Appellant's attack on the judgment is based upon the ground that, although the time fixed for the filing of claims had expired some months before, the probate court permitted the filing of respondent's claim without the application, notice, and showing of cause required by the probate code, L. 1935, c. 72, § 101, 3 Mason Minn. St. 1938 Supp. § 8992-101. That position, we think, is well taken. The statute reads:

"All claims against a decedent arising upon contract, whether due or not due, shall be barred forever unless filed in court within the time limited. For cause shown and upon notice to the representative the court may receive, hear, and allow a claim presented before the final settlement and allowance of the representative's account and within one year after the date of the filing of the order to file claims."

The probate code (L. 1935, c. 72, § 186, 3 Mason Minn. St. 1938 Supp. § 8992-186) has this further demand:

"Every application shall be by petition signed and verified by or on behalf of the petitioner."

The statute is something more than procedural. It is, in effect, one of limitation, which cannot be waived by the representative. It has been held here to be for the estate "a rule of property." Estate of Boyd v. Thomas, 162 Minn. 63, 66, 202 N. W. 60, 61. Only to the extent and in the manner prescribed by the statute itself can a probate court relieve a claimant from compliance. In its requirements of notice and showing of cause the statute is mandatory, and compliance prerequisite to the filing or presentation of a delayed claim.

In this case *filing* of the claim was allowed without petition, notice, or showing of cause. Appellant's written objection on that ground seems simply to have been ignored in the probate court. Without more, at the delayed general hearing on claims, this one was allowed. So it is not, as urged for respondent (under the rule of In re Scheffer's Estate, 58 Minn. 29, 59 N. W. 956) an instance of mere "formality" of procedure. It is rather and distinctly a case from which there is absent a condition precedent to respondent's success. That condition, while adjective in form, goes much further. That is because notice and hearing, when required by law, are often demanded for the protection of substantive rights.

The judgment must be reversed with directions to enter one disallowing the claim.

So ordered.