AMORY ALBEE, Administrator, *vs.* NOAH A. CARPENTER & another.

A bequest of personal property, including choses in action, to a married woman, vests the same in her husband, and upon her decease he takes the property by survivorship, as well as by force of the statute of distribution; although he do nothing during coverture to reduce the same to possession.

A devise to A. and her heirs, of all the rest and residue of the testator's property, "and if said A. die without issue or heirs," remainder over to others, gives A. an estate tail by implication; the word "heirs" taken in connection with "issue," being construed as heirs of the body.

Any words in a devise of real estate, which would give an estate tail to the first taker, with or without a remainder over, will, in a bequest of personal property, give the first taker an absolute estate ; and any remainder over is void.

THIS case was reserved by the chief justice, for the consideration of the whole court, upon the following report :

" This is an appeal from the judge of probate, disallowing part of the account of Albee, the appellant, rendered to the

probate court, as administrator, with the will annexed, of the estate of Betsey Carpenter, deceased. The testatrix made her will the 27th of December, 1826, and died soon after. She appointed Amey Albee, then the wife of the appellant, Amory Albee, sole executrix of her will. She being a married woman, her husband, Amory Albee, was appointed administrator with the will annexed. The inventory, which was of personal property only, consisting of wearing apparel, furniture, and promissory notes, amounted $1,021.39. Amey Albee died in 1851. After which, the appellant, Amory Albee, the administrator, was cited to settle his account, at the instance of Noah A. Carpenter and Ann Eliza Carpenter, claiming to have an interest in the property, after the decease of Mrs. Albee.

" The administrator protesting that he had a right to hold the residue of the property to his own use, and not liable to account, presented his account of administration to the judge of probate, and after praying an allowance for legacies, debts, and expenses paid, claimed the balance of the property, $757.18, as having been given to his wife, delivered to, and used and appropriated by her, and for which he was not liable to account. This item was disallowed by the judge, together with a few other small items. It is now agreed that the objections to all the other items shall be waived, and by consent, that part of the decree which disallowed those items, may be reversed, and the said items allowed.

" The only question, therefore, now is, whether the appellant is liable to account further for the said residue of $757.18, or whether the appellees are entitled to recover it, or any part of it, and this depends on the will.

" The will, after certain specific legacies, viz.: one to Noah A. Carpenter, payable when he should come of age, and one to his sister, Ann Eliza Carpenter, proceeds as follows, viz: ' Thirdly. I give and bequeath to Amey Albee, wife of Amory Albee, all the rest, residue, and remainder of my property, of whatever name or nature, to her and her heirs. And if said Amey Albee die without issue or heirs, it is my will and pleasure that the above named Noah Carpenter and Ann

Eliza Carpenter should have the last mentioned property to them and their heirs forever, equally to be divided between them.' Under this clause, Noah A. Carpenter and his sister, having survived Mrs. Albee, to whom the residuary property was given, now claim it of her administrator, to their own use. The administrator, on the contrary, insists, that by the terms of this bequest, it constituted an absolute gift of the residue to his wife, then a *feme covert;* that it vested in him as husband, or if any reduction to possession was necessary, his possession and holding, as administrator, was a reduction to possession, or if any further reduction to possession during coverture, to vest the gift absolutely in the husband, still, at her decease, as husband, he would take it by survivorship.

" This appearing to be a question of law, upon the construction of the will, and the parties being desirous to have the opinion of the whole court, I have reserved the same for their consideration and decision. The will, account, and probate documents may be referred to. The decree, disallowing the other items of the appellant's account, is to be reversed, as of course, according to the agreement above stated."

*N. Morton,* for the appellant. The great question is as to the allowance of one item of the administrator's account, $757.18. This depends on the construction of the will of Betsey Carpenter. See third item of the will.

1. This gives an absolute bequest to the wife. If reduction to possession was necessary, the appellant has done it as administrator and heir.

2. As to the phrase " if she die without issue or heirs;" the husband is heir. Any other construction destroys the meaning of the word " heirs."

3. Assuming the word " heirs " to be surplusage, and to mean " issue," then the bequest over is void in law. *Nightingale* v. *Burrell,* 15 Pick. 104. To have the remainder take effect, it should be a gift for life to Amey Albee. *Ellis* v. *Merrimack Bridge,* 2 Pick. 243 ; *Homer* v. *Shelton,* 2 Met. 194 ; *Smith* v. *Bell,* 6 Pet. 68.

4. The words of the will would create an estate tail, and

the bequest over to Carpenter is void for that reason. *Night-ingale* v. *Burrell*, 15 Pick. 104; *Bacon* v. *Cosby*, 3 Eng. Law & Eq. 186; 4 De G. & Sm. 261.

*C. I. Reed*, for the appellees. 1. In the exposition of wills, the great and first rule to which all other rules must bend, is, that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law. *Smith* v. *Bell*, 6 Pet. 75; *Homer* v. *Shelton*, 2 Met. 198; *Hodgson* v. *Ambrose*, 1 Doug. 342.

2. It was the intention of the testator here, that immediately after the death of Amey Albee, without issue living, the property should go to the appellees, Noah A. Carpenter and Ann Eliza Carpenter.

3. This intention can be carried into effect without contravening the rules of law, for a limitation over of personal property after a bequest to one and his heirs, if he die without issue living, is good by way of executory devise. *Homer* v. *Shelton*, 2 Met. 198; *Sheers* v. *Jeffery*, 7 T. R. 589; 2 Jarm. on Wills, (Perkins's ed.) 321; *Toovey* v. *Bassett*, 10 East, 460; 6 Greenl. Cruise, 374, note; *Forth* v. *Chapman*, 1 P. Wms. 664; *Leeming* v. *Sherratt*, 6 Jur. 663; *Wilkinson* v. *South*, 7 T. R. 555; *Hughes* v. *Sayer*, 1 P. Wms. 534; *Pleydell* v. *Pleydell*, 1 P. Wms. 748.

4. The rule, that when personal property is bequeathed with limitation over, by words that, if it were real estate, the first taker would take an estate tail, the first taker will take an absolute interest in the personal property, has never been fully adopted in this state. *Homer* v. *Shelton*, 2 Met. 198; *Parker* v. *Parker*, 5 Met. 134; *Hulburt* v. *Emerson*, 16 Mass. 241.

5. The fact that the persons, to whom the limitation over is made, were in being at the date of the will, shows that it was the intention of the testator that they should take, if the first taker died leaving no issue living at her death; and that the testator did not mean, by the words "dying without issue" a general and indefinite failure of issue. And if the former was her intention, then the words, if applied to real estate, would not give an estate tail to the first taker.

6. The general rule derived from all the cases is, that if the court can infer from the circumstances of the particular case, or from the words of the will, that the testator intended, by the words of the devise, that the failure of issue should be a failure on the death of the first taker, then the limitation over is good by way of executory devise.

SHAW, C. J. [After stating the substance of the report.] The great question, therefore, is, whether the appellant is further liable to account for the $757.18, or whether the appellees are entitled to recover it or any part of it, and this depends on the will.

The will, after certain specific legacies to Noah A. Carpenter, payable when he should come of age, and to his sister Ann Eliza Carpenter, proceeds as follows:

" Thirdly. I give and bequeath to Amey Albee, wife of Amory Albee, all the rest, residue, and remainder of my property, of whatever name or nature, to her and her heirs. And if said Amey Albee die, without issue or heirs, it is my will and pleasure that the above named Noah Carpenter and Ann Eliza Carpenter, should have the last mentioned property to them and their heirs forever, equally to be divided between them."

If this was an absolute gift to the wife, she being then a *feme covert*, it vested in the husband, and he is not liable further to account for it. Even if it could be contended, that he did nothing to reduce it to possession, during the coverture, still, as husband, he would take by survivorship, as well as by force of the statute of distribution. The court are of opinion, that this was a gift of a general residuum ; not a specific gift of the furniture, wearing apparel, or notes, included in the inventory; and it is to be construed as a gift of property generally, or money, and not of goods consumable or destructible.

We also assume, that the gift to Amey Albee, although in form absolute, is to be construed in connection with the gift over, and the clause " if she die without issue or heirs ; " and that by a fair construction, the word " heirs," in connection with the word " issue," must mean heirs of the body. So construed, it would give an estate tail by implication. Then

the question is, whether the gift over can take effect, accord-
ing to the rules of law, or whether it is void.

Upon the first clause, a bequest to one and his heirs, even
in real estate, would give an absolute estate in fee, and any
limitation over after such absolute devise, would be utterly
void; *à fortiori* in a gift of personal estate. We have no
doubt that personal property may be given to one for life,
with a remainder to another absolutely. But it is a fixed rule
of law, that personal property cannot be given to one in tail,
with remainder over, nor can an executory bequest be made
to take effect upon the termination of an estate tail, because
it is too remote. *Nightingale* v. *Burrell*, 15 Pick. 104.

It will be found, we believe, in all the cases, that where a
gift over of personal estate has been maintained, it is where
the gift to the first taker is by the terms of the bequest, not
exceeding a gift for life. *Ellis* v. *Merrimack Bridge*, 2 Pick.
243; *Homer* v. *Shelton*, 2 Met. 194, and the cases there cited.

Courts will look into every part of the will, every clause
and word, to ascertain the intent of the testator, and however
absolute and positive may be the terms of the particular gift,
if it appears from other clauses that it was a gift for life only,
the court will so hold. Even in the case of *Smith* v. *Bell*, 6
Pet. 68, the court came to the conclusion that the will showed
a clear intent in the testator to limit the interest of the first
taker to her life. The authority of this case seems to have
been doubted; but it was whether the court came to the right
conclusion in holding that the bequest was not an absolute
gift to the first taker, but not upon the point, whether on the
whole, it must not be a gift for life only, in order to sustain a
gift over. Without going at large into the argument, we take
it as settled, that a form of words, which would give an estate
tail to the first taker, with or without a limitation over, in real
estate, would give an absolute estate to the first taker, in per-
sonal property.

In applying these rules to this case, we are all of opinion
that the provisions are such, that they would have given to
Mrs. Albee an estate tail in real estate. The words, " if she
die without issue," give an estate tail by implication. It

means that if she have issue, they shall take, and take in succession, as long as there shall be issue in the descending line, subject always to be barred by a common recovery, or here in Massachusetts, by a deed executed conformably with the statute. The words, it will be observed, are not if she shall die without heirs of her body living at the time of her decease, but look to a general and indefinite failure of issue. This is a quality of the estate, and this implication converts that, which would otherwise have been an estate in fee, into an estate tail. The reasons are fully stated in *Nightingale* v. *Burrell*, 15 Pick. 104.

"If she has no issue, living at the time of her decease," may be a contingency, the happening of which may give effect to a bequest over, as an executory devise, because it must vest at her decease, and, therefore, has no greater effect than a gift for life. But a gift over upon a general failure of issue, in legal effect, carries a different implication, qualifies the estate, and makes the estate to which it is annexed an estate tail in the first taker.

We are aware that the intent of the testator is the leading consideration in the construction of a will, and is to govern; but it is with this qualification that it can be carried into effect, consistently with the rules of law. If it was the intention of the testatrix to give an estate to Mrs. Albee and her issue and descendants, if she should have any, then it was an estate tail in her as the first taker; and the further intention, that Carpenter and his sister, should have it, after her decease, was contrary to the rules of law, and could not take effect, because it was to limit a gift of personal property to the determination of an estate tail, which the law does not admit.

We are, therefore, of opinion that the gift to Mrs. Albee, the wife of the appellant, was an absolute gift, that the property vested in him, as husband, either at the first taking or at her decease, and that he is not liable further to account for it.

The decree of the judge of probate, therefore, disallowing the charges in the account of the appellant, must be reversed, the account allowed in full, and the case remitted to the probate court.