GUARANTY TRUST COMPANY, petitioner.

Plymouth.    November 12, 1923. — March 3, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

Bank, Right of foreign banking corporation to be appointed trustee under local will. *Probate Court*, Jurisdiction. *Corporation*, Foreign. *Words*, " Transact business."

If a foreign banking corporation were appointed trustee under the will of a testator, who died leaving property in this Commonwealth and whose will had been proved here, it would be engaged in the transaction of business within the Commonwealth within the terminology of G. L. c. 167, § 37.

A Probate Court cannot appoint as a trustee under a will of a testator who died in this Commonwealth a foreign banking corporation which has not received a certificate from the board of bank incorporation under G. L. c. 167, § 37, authorizing it to transact business in this Commonwealth.

PETITION, filed in the Probate Court for the county of Plymouth on March 12, 1923, for the appointment of a

trustee under the will of Alice Tobey Jones, late of Wareham. The appointment of the petitioner was requested by the beneficiaries under the trust.

In the Probate Court, the petition was heard by *L. E. Chamberlain*, J., who reported to this court the question, whether, on the facts reported by him and described in the opinion, the petitioner had a right to be appointed.

The case was submitted on briefs.

*G. W. Stetson & F. Clark, Jr.*, for the petitioner.

CARROLL, J.   In the first paragraph of the will of Alice Tobey Jones, late of Wareham, in this Commonwealth, the Guaranty Trust Company of New York and the testatrix's husband, John Hall Jones, were named as executors and trustees.   The Guaranty Trust Company declined the appointment as executor, and letters testamentary were issued to John Hall Jones on December 11, 1922.

By the fifth paragraph of her will the sum of $250,000 was bequeathed to the trustees to invest in State or municipal securities, the income to be paid quarterly to her husband during his life and upon his death the principal and accrued income to be paid to the Bide-A-Wee Home Association, Inc., of New York City.   Under the fifth paragraph, separate petitions for appointment were presented to the Probate Court.   The petition of John Hall Jones was allowed.   The right of the Probate Court to appoint the Guaranty Trust Company, trustee under the will, was reported to this court. It was found that the Guaranty Trust Company is a foreign trust company, organized under the laws of the State of New York, with its usual place of business in New York City; under its charter and the laws of New York it is authorized to act as executor and trustee.   Its petition and bond are in due form and it is willing to file an appointment of an agent under G. L. c. 203, § 15.   Thirty-five other trusts were created by the will of Mrs. Jones, similar to the trust created by the fifth paragraph, in each of which the same trustees were designated.   The aggregate corpus of these trusts is about $3,000,000.   The trust must be executed both in the State of New York and in this Commonwealth. No certificates under G. L. c. 26, § 5, G. L. c. 167, § 37, G. L.

c. 172, § 56, have been received by the petitioner authorizing it to transact business in this Commonwealth.

A trust company incorporated in this Commonwealth may have a trust department.  By G. L. c. 172, § 56, no such trust company shall exercise the powers and duties described in §§ 50–52, until it has received written authority therefor from the board of bank incorporation. G. L. c. 167, § 37, provides: " No foreign banking association or corporation shall transact business in this Commonwealth until it has received a certificate from the board of bank incorporation, authorizing it so to do.  The said board may grant such certificate conditioned upon the performance of such requirements as to auditing as said board may prescribe."   The Guaranty Trust Company is a foreign banking association within the meaning of G. L. c. 167, § 37; and it has not received a certificate from the board to " transact business in this Commonwealth." Assuming, but not deciding, that a foreign corporation could be appointed trustee under the will creating the trust for the benefit of the testatrix's husband, the petitioner has not complied with the statute, and if the administration of this trust involves the transaction of business, as the words are used in the statute, its bond cannot be approved and it cannot be appointed to the trust.

In *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 379, the question involved was whether a foreign corporation was engaged in or soliciting business in this Commonwealth so that service of process was made; at pages 384, 385 it was said " ' each case of this kind must depend upon its own facts.' . . . ' the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served.' "   In *Attorney General* v. *Boston & Albany Railroad*, 233 Mass. 460, the words " doing business for profit " were construed and the authorities bearing on the question reviewed.

As trustee under the will of Mrs. Jones, the Guaranty Trust Company would have active duties to perform extending over an uncertain period of time; the funds would

have to be cared for and invested, the income paid to the beneficiary for life, accounts rendered, and in the administration of the trust it would be under the direction and supervision of the courts of this Commonwealth. The trustee was not called upon to perform a single isolated act of business, but was required to carry on a series of acts during the lifetime of the beneficiary. It was authorized by its charter to act as trustee and acting as such it would be engaged in the usual and ordinary business of the corporation itself and for which it was organized. In our opinion if the petitioner were appointed trustee it would be engaged in the transacting of business within the meaning of the statute, which it could not perform without the certificate required by the statute. See, as bearing on this question, *Cooper Manuf. Co.* v. *Ferguson,* 113 U. S. 727; *Commonwealth* v. *Wilkes-Barre & Hazleton Railroad,* 251 Penn. St. 6. The statute applies not only to the business of banking: it also prohibits the transaction of business by a foreign banking corporation in this Commonwealth. Its purpose was to protect the public from the unauthorized acts of such corporations in the carrying on of any of its active business. The question in the case at bar does not involve the validity of service of process on a foreign corporation, nor the right of a trustee to act under a deed of trust, where no active duties are to be performed, nor the right of a trustee appointed in another jurisdiction to dispose of property in this Commonwealth, without the certificate required. See *Baden* v. *Washington Loan & Trust Co.* 133 Md. 602, and cases cited. If the petitioner can be appointed a testamentary trustee, it will be engaged in doing business, not casual or merely incidental, but as a part of its usual occupation and in fulfilling one of the purposes of the corporation. It will be transacting business in violation of the statute, and could not, without the required certificate, be appointed to the trust.

*Petition dismissed.*