No. 35,615

In the Matter of the Estate of George C. Lowe, Deceased. (The Johnson County National Bank and Trust Company, *Appellant,* v. Kathe J. Lowe et al., *Appellees.*)

(127 P. 2d 512)

Opinion filed July 11, 1942.

*Roy B. Thomson,* of Kansas City, Mo., argued the. cause, and *John W. Breyfogle, Jr.,* of Olathe, *Arthur Mag* and *A. Eugene Grossman, Jr.,* both of Kansas City, Mo., were on the briefs for the appellant.

*E. S. McAnany,* of Kansas City, and *Robert B. Fizzell,* of Kansas City, Mo., argued the cause, and *Murray H. Hodges,* of Olathe, *Thomas M. Van Cleave, Willard L. Phillips,* both of Kansas City, *Justin D. Bowersock* and *John F. Rhodes,* both of Kansas City, Mo., were on the briefs for the appellees.

*O. L. O'Brien, Walter L. McVey, John F. O'Brien,* all of Independence, *Marlin S. Casey, Robert T. Price, William M. Mills,* all of Topeka, and *Walker F. Means,* of Hiawatha, filed briefs as *amici curiae.*

The opinion of the court was delivered by

Dawson, C. J.: This appeal is concerned with the effect of G. S. 1941 Supp. 59-1701, being section 131 of the probate code of 1939, upon the authority of a foreign corporation to act as testamentary trustee of a trust created by the will of a resident of this state.

The late George C. Lowe, a resident of Johnson county, died on April 12, 1940. He was a man of considerable means, and although he had his home in Johnson county, his long business career had been conducted in Kansas City, Mo., just across the Kansas-Missouri state line.

Lowe's will was probated in Johnson county. It had been executed on November 15, 1939, some four and a half months after the new probate code took effect. The testator's home residence in Johnson county, Kansas, and its furnishings and purely personal effects were devised to his widow. In an elaborate trust instrument suitable provision was made for her support and maintenance. His

three daughters were likewise provided for, and a half brother and his family were also remembered. His daughter Georgia C. Lowe was named sole executrix without bond. With these details we shall have no serious concern. The legal question which gave rise to this lawsuit grows out of two paragraphs of the testator's will which deal with the designation of the testamentary trustee, the first of which reads, in part, thus:

"4. I give, devise and bequeath all of the rest, residue and remainder of my property and estate, of whatever character, whether real, personal or mixed, and wherever situated, unto Union National Bank in Kansas City, a corporation, of Kansas City, Missouri, its successor or successors, as trustee, to have and to hold the same in trust, with the powers and authority and subject to the terms, conditions and provisions hereinafter set forth."

This paragraph continues for six pages of instructions as to the duties and powers of the trustee, but these may need no attention.

The next paragraph of the will of present concern reads:

"6. I desire and direct, and it is my will and intention, that the trust estates created in this, my last will and testament, shall have their situs solely and exclusively in the state of Missouri and that said trusts be administered by the trustee in said state and in accordance with the laws of said state, and I direct my executrix herein named to deliver the assets comprising the trust estate or estates to my trustee, Union National Bank in Kansas City, or its successor, at its office in Kansas City, Missouri. I relieve and release my trustee from the duty or necessity of filing any and all inventories and accountings with any court, including the probate court in which this, my last will and testament, is admitted to probate."

In due course the executrix filed her final account and applied for an order of distribution of the assets in her hands, which included the sum of $165,023.62 in cash and liquid assets, and which constituted the trust fund created under paragraphs 4 and 6 of the testator's will.

On October 13, 1941, the probate court made its order of final distribution, which in part reads:

"After due consideration of the arguments presented and briefs filed by counsel with this court on behalf of the executrix concerning the qualifications of the Union National Bank of Kansas City, Missouri, as trustee in this estate, the court being fully advised in the premises, finds:

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"6. That the said will designates Union National Bank in Kansas City as trustee of the residium of said estate; that said bank is a corporation organized and existing as a national bank and has its banking house and principal place of business in Kansas City, in the state of Missouri and without the state of

Kansas and is not located in this state; that said bank is neither a bank or other corporation organized under the laws of and having its principal place of business in this state nor a national bank located in this state; that said bank is neither qualified under the laws of this state to receive said trust estate constituting the residium of this estate from the executrix nor to administer said trust estate because it is a national bank not located in this state as aforesaid; that the testator has by his will indicated his wish that a corporate fiduciary receive and administer the trust estate created by said will and that by reason of the disqualification of the trustee named, the duty devolves upon this court to designate a trustee qualified to act in order that said trust shall not fail.

. "7. That the Johnson County National Bank and Trust Company is a national bank located in this county and state, with power to act as trustee and in other fiduciary capacities and is in all respects authorized to act as trustee herein after filing the bond herein required and making the affidavit required by law.

"8. That distribution of the remaining assets of the estate of George C. Lowe, deceased, be made as follows, to wit:

. . . . . . . . . . . . . . . .

"To the Johnson County National Bank and Trust Company, all the rest and remainder of the said estate, as trustee, to have and to hold the same in trust with the powers and authority subject to the terms, conditions and provisions of said will."

Then followed the formal order designating and appointing the Johnson County National Bank and Trust Company to receive and administer the trust estate under the terms of the testator's will, and directing the executrix to deliver to it all the remaining assets of the estate in her hands.

This order of the probate court was promptly appealed to the district court and the matter was promptly heard and decided in that court, which held—

"That the deceased intended to create and did create a trust estate of said residuary assets having its situs and to be administered in and under the laws of the state of Missouri; that section 131 of the Kansas probate code (section 59-1701, G. S. 1941 Supp.) merely prohibits a nonresident corporation from acting as trustee in the state of Kansas and does not prohibit a resident decedent of Kansas from making a bequest of personal property to a nonresident corporate trustee to be administered by such trustee at its place of business outside the state of Kansas; that the probate court of Johnson county, Kansas, in its order, judgment, decree and decision made and entered in said court in the matter of the estate of George C. Lowe, deceased, on October 13, 1941, erred in disqualifying said Union National Bank in Kansas City from acting as trustee of said trust estate and erred further in appointing the Johnson County National Bank and Trust Company as trustee of said trust estate and in ordering and directing the executrix of said estate to make distribution of the re-

siduary assets of said estate to said the Johnson County National Bank and Trust Company as such trustee; that section 131 of the Kansas probate code has no application to the facts in this case and that the will, wishes, intention and desires of George C. Lowe, deceased, as expressed by his said last will and testament, should be given full force and effect."

The district court set aside the order of the probate court, and held the Union National Bank of Kansas City, Mo., was qualified to receive the residuary assets of the Lowe estate and directed the executrix to deliver them to it in accordance with the testator's will.

Hence this appeal.

The importance of the legal question involved has called forth exhaustive briefs by counsel for appellant and appellees, and we have been favored with briefs by various *amici curiae*, one of whom was a member of the legislature in the session of 1939 and served on the committee of the House of Representatives which had charge of the bill which constitutes the present Kansas probate code (G. S. 1941 Supp. 59-1a01, Laws 1939, ch. 180; G. S. 1941 Supp. 59-1a01 *et seq.*).

The pertinent section of the new probate code, around which this lawsuit turns, is section 131 of the new code, being G. S. 1941 Supp. 59-1701, which reads:

"No bank or other corporation, unless it is organized under the laws of and has its principal place of business in this state, or is a national bank located in this state, shall be appointed or authorized directly or indirectly to act as a fiduciary in this state, except in ancillary proceedings; and no officer, employee or agent of such bank or corporation shall be permitted to act as a fiduciary in this state, whether such officer, employee or agent is a resident or a nonresident of this state, when in fact such officer, employee or agent is acting as such fiduciary on behalf of such bank or corporation; nor shall any bank or other corporation be appointed guardian of the person of a ward."

G. S. 1941 Supp. 59-1a02, in part, reads:

"As used in this act . . . (2) the word 'fiduciary' includes representatives, trustees, and surviving partners administering their trusts; . . ."

At the outset, it may shorten our present task to say that the general doctrine which may be gleaned from the wealth of citations and textbook authorities cited by counsel for appellees touching the right of a testator to make any disposition of his property he sees fit, subject only to statutory qualifications on that right, will not be gainsaid. Indeed this court has emphatically stated the same rule. In *Fox v. Eaglin,* 132 Kan. 395, 401, 295 Pac. 662, it was said:

"Subject to statutory exceptions . . . any person may dispose of his property by deed or devise, by gift or bequest, without let or hindrance, in favor of anybody under the sun. (Citations.) "

In this case, however, we have to consider whether the new statute has not added another exception to those which were casually acknowledged when the rule in *Fox v. Eaglin* was declared in 1931, eight years before the statute of 1939 was enacted.

So our present problem is to decide whether the new statute has abrogated the right of a Kansas resident testator to appoint and authorize a foreign corporation to serve as trustee of a testamentary trust.

George C. Lowe died a resident of Johnson county, Kansas, and his will has been probated in this state. Hitherto, since his death and the qualification of his executrix, his estate, both real and personal, has been in *custodia legis* of the probate court of Johnson county. Now the time has come for that court to order final distribution of Lowe's estate in accordance with the terms of his will. But that court is brought to a standstill when it comes to make an appropriate order to the executrix to dispose of the residuary assets in her hands. The will directs that they be delivered to a Missouri corporation, which was not organized in Kansas and which does not have its principal place of business in this state. But the statute just quoted says that no such corporation "shall be appointed or authorized . . . to act as a fiduciary in this state," except in ancillary proceedings. How then can the probate court of Johnson county make a legal order directing the executrix to deliver the residuary assets to this Missouri corporate trustee? The statute not only disqualifies the foreign corporation to act, but forbids the very thing the testator undertook to do—to appoint and authorize the Missouri corporation not organized under Kansas law, to serve as trustee.

Appellee argues that the statute merely denies nonresident corporations the right to act as a fiduciary in this state. It concedes that under the statute such a corporation could not act as an executor of the will of a resident decedent, and that it could not administer a trust consisting of real estate, but that the statute does not prohibit a resident of this state from bequeathing his personal property to a nonresident legatee, whether the latter be an individual or a corpo-

ration. Even so, that point hardly gets to the crux of this lawsuit. We discern no intention in the statute to restrict the testator's right to make an outright devise or bequest of his property to a nonresident corporation. We have no doubt this testator could have made a bequest of a sum of money to the Union National Bank of Kansas City, Mo., if its corporate charter gives it power to accept such a testamentary gift. But this Missouri bank is not a simple beneficiary under Lowe's will. (*Gilpin v. Burch*, 145 Kan. 224, 233, 65 P. 2d 308.)

Appellee also argues that the trusteeship imposed by the will will not perform any of its forbidden corporate functions in Kansas. It would have to receive the trust fund at the hands of the executrix on the order of the probate court. That would be a corporate act necessary to be performed in Kansas.

In *Guaranty Trust Co., Petitioner*, 248 Mass. 319, 143 N. E. 46, the action was to determine whether the Guaranty Trust Company, a New York corporation, not authorized to do business in Massachusetts, could serve as trustee of a testamentary trust created by the will of a testatrix who had been a resident of Massachusetts. Because of a statute which declared that "no foreign banking association or corporation shall transact business in this commonwealth until it has received a certificate from the board of bank incorporation authorizing it so to do," the probate court checked up to the supreme judicial court the question whether the New York corporation could serve as trustee under the circumstances. The court gave a negative answer. The syllabus reads:

"If a foreign banking corporation were appointed trustee under the will of a testator, who died leaving property in this commonwealth and whose will had been proved here, it would be engaged in the transaction of business within the commonwealth within the terminology of G. L., c. 167, § 37.

"A probate court cannot appoint as a trustee under a will of a testator who died in this commonwealth a foreign banking corporation which has not received a certificate from the board of bank incorporation under G. L., c. 167, § 37, authorizing it to transact business in this commonwealth."

The opinion, in part, reads:

"As trustee under the will of Mrs. Jones, the Guaranty Trust Company would have active duties to perform extending over an uncertain period of time; the funds would have to be cared for and invested, the income paid to the beneficiary for life, accounts rendered, and in the administration of the trust it would be under the direction and supervision of the courts of this commonwealth. The trustee was not called upon to perform a single isolated

act of business, but was required to carry on a series of acts during the lifetime of the beneficiary. . . . In our opinion if the petitioner were appointed trustee it would be engaged in the transacting of business within the meaning of the statute, which it could not perform without the certificate required by the statute." (pp. 321, 322.)

In *Bank of New York &c. Co. v. Tilton*, 82 N. H. 81, 129 Atl. 492, the question requiring determination related to the right of a foreign corporation to be appointed trustee under the provisions of a will naming it for that office. The pertinent New Hampshire statute, enacted in 1919, had substantially restricted the earlier law of that state. It read:

"Hereafter any trust company, loan and trust company, loan and banking company, and all other corporations of a similar character, incorporated under the laws of this state, and any national bank being duly authorized and located within the state, may be appointed trustee in any case where an individual can be appointed, upon the same conditions and subject to the same control, requirements and penalties; but no corporation shall be appointed in any other fiduciary capacity. Every corporation when appointed by any court in such capacity shall give bond of an indemnity company licensed by the insurance commissioner to do business in this state. The exercise of the powers granted herein is limited to the specified corporations located in this state. (Laws 1919, c. 121, s. 1.)" (p. 82.)

In discussing the effect of the statute, the court said:

"Taking this enactment as it reads, it is a plain exclusion of foreign corporations from any appointment by a court to any trusteeship. The arguments against this interpretation are largely based upon the law existing when the statute was enacted, and upon the history of its progress through the legislature. In 1917, provision was made regulating the appointment of a foreign corporation as a trustee. (Laws 1917, c. 193, s. 1.) It is argued that before that time such corporation could be so appointed. This position may be conceded to be correct, for the purposes of the argument. It was under these circumstances that the act of 1919, above quoted from, was passed.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The legislature evidently understood that it was dealing with the general subject of power to act in such capacity. It is apparent that the legislative understanding was that such power was then granted, and that the limitation above quoted applied to that office generally.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"But here the legislature recognized that it was making a change in existing statutory law. The new law was to prevail. All that was inconsistent with it was repealed.

"Arguments that the act when construed as heretofore indicated is provincial and an unjust limitation of the power of a testator to provide as to who shall administer trusts created by his will, have not been overlooked. They

relate to matters of policy, as to which men may differ in their views. They could not override legislative action, even if they [were] believed to be sound. They are at the most mere aids in the solution of doubts, which do not exist in the present instance."

The case of *Will of Risher,* 227 Wis. 104, 277 N. W. 160, 115 A. L. R. 790, holds a contrary view. In that case a resident of Wisconsin died testate and his will was probated in Wisconsin. By its terms a trust was created in favor of his wife and children, and the trustee named to execute it was a Pennsylvania corporation not authorized to do business in Wisconsin. The supreme court of Wisconsin held the Pennsylvania corporation could serve as trustee, emphasizing the intention of the testator, and declaring that " 'courts have no power to frustrate it and substitute a different scheme— there can be no substitute method.' . . . Anything designed to defeat the intent of the testator is against public policy." (pp. 110, 111.) Doubtless this decision is a correct statement of Wisconsin law, but it is too broadly stated to conform to Kansas law. With us the intention of the testator will be faithfully carried out unless some rule of public policy forbids. And for the most part the public policy of this state is declared by the legislature, not by the courts. Moreover, in the Wisconsin case there was no Wisconsin statute which forbade the testator to appoint and authorize the foreign corporation to serve as trustee of the trust created by his will. Our statute forbids that very thing as clearly and explicitly as language can make it. It forbids the testator to appoint and authorize a foreign corporation to serve as trustee and forbids the court to give judicial countenance to such an appointment, or to make any order which would have the effect of flouting the statute. It has always been the law in this state that the expressed wishes of the testator could be overruled when the sound discretion of the court prompted it to hold that the conservation of the estate or the interest of beneficiaries so required. The most familiar instance of this sort happens when the testator names an executor to serve without bond. The court may require a bond nevertheless. (*In re Estate of Dennis,* 146 Kan. 121, 68 P. 2d 1083.) Another instance is where a testator provides that his estate shall be kept intact for thirty years or more, the expressed will of the testator is clear enough, but the rule against perpetuities will require that it be ignored. (*Lasnier v. Martin,* 102 Kan. 551, 171 Pac. 645;

*Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 211 Pac. 146.)   The law books are laden with instances where a conflict has arisen between a testator's intention and positive rules of law, and of course the latter must prevail.   Thus in *Albee, Administrator, v. Carpenter & Another,* 66 Mass. (12 Cush.) 382, 386, the devise provided—

"Thirdly.   I give and bequeath to Amey Albee, wife of Amory Albee, all the rest, residue, and remainder of my property, of whatever name or nature, to her and her heirs.   And if said Amey Albee died, without issue or heirs, it is my will and pleasure that the above-named Noah Carpenter and Ann Eliza Carpenter, should have the last-mentioned property to them and their heirs forever, equally to be divided between them."

The court, speaking by Chief Justice Shaw, said:

"We are aware that the intent of the testator is the leading consideration in the construction of a will, and is to govern; but it is with this qualification, that it can be carried into effect, consistently with the rules of law.   If it was the intention of the testatrix to give an estate to Mrs. Albee and her issue and descendants, if she should have any, then it was an estate tail in her as the first taker; and the further intention, that Carpenter and his sister, should have it, after her decease, was contrary to the rules of law, and could not take effect, because it was to limit a gift of personal property to the determination of an estate tail, which the law does not admit."   (p. 388.)

See, also, our own recent case of *In re Estate of Weeks,* 154 Kan. 103, 114 P. 2d 857.

Notwithstanding the will relieves and releases the named trustee from the duty of filing inventories and accounting to the probate court, our law is more solicitous about the rights of the benficiaries of a testamentary trust, especially where they are minors.   Article 16 of the new probate code (G. S. 1941 Supp. 59-1601 *et seq.*) provides that the testamentary trustee shall account from time to time to the court where the will was admitted to probate, and prescribes specific details pertaining to the status of the trust property, and various other duties which the testamentary trustee must perform. It is true that section 59-1607 of the statute provides that the settlor of the trust may relieve his trustee from the performance of the duties prescribed by article 16, but there is an important proviso, which reads:

"That the court may, upon the application of any beneficiary or some person in his behalf, require the performance of the duties herein otherwise required.   No expression of intent by any testator or settlor shall affect the jurisdiction of the courts of this state over inventories and accounts of trustees, insofar as such jurisdiction does not depend upon the provisions of this article."

Moreover, in article 11 of the new code, 59-1104, it is provided that although the testator shall express a wish that a trustee named in his will shall execute a trust created by the will, without giving bond, the probate court in the exercise of its prudent discretion may require such bond to be given at the time the trust *res* is delivered to the trustee or later on its own motion or on the application of any party interested. By section 59-1106 the probate court may require the fiduciary to file a new or additional bond, or may reduce it, and section 59-1107 provides for the removal of a fiduciary who fails or refuses to comply. Section 59-1711 is to the same effect.

Before concluding we feel constrained to say that it is a matter of common knowledge that in the campaign of public education as to the urgent need for a new probate code which culminated in the enactment of 1939, the Kansas legislature, backed by the moral force of the leaders of the Kansas bar, knew exactly what it was about when section 131 was written into the bill and enacted into law. It was intended to put an end for good and all to the practice of letting foreign corporations serve as fiduciaries of the estates of Kansas citizens, and that legislative intention was within its competence absolutely.

The judgment of the district court is reversed and the cause remanded to the district court with instructions to set aside its judgment reversing the order of the probate court and to affirm it.