No. 39,201

In the Matter of the Estate of Sol Schachter, Deceased; EMILY SCHACHTER AGRANOFF, Trustee, *Appellant*, v. REBECCA GITTERMAN, *Appellee*.

(267 P. 2d 480)

Opinion filed March 6, 1954.

*Justus N. Baird*, of Kansas City argued the cause and was on the briefs for the appellant.

*Joseph P. Jenkins*, of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Thomas E. Joyce* and *Norma Braly*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order directing and requiring

a testamentary trustee to perform certain acts in connection with the administration of a trust created by the last will and testament of Sol Schachter, deceased.

The decedent died in 1940, leaving a last will and testament which was duly admitted to probate by the probate court of Wyandotte County. Decedent's wife Emily, appellant herein, was named executrix. After making certain provisions not here material, the will devised and bequeathed one-half of decedent's property to Emily as trustee, and further provided that she was to have the income therefrom during her natural life, and that upon her death such trust property remaining was to go to designated beneficiaries, among them being Rebecca Gitterman, decedent's niece and appellee herein.

The estate was regularly administered and closed in 1942, and no question is raised concerning the regularity or validity of those proceedings. The order of final settlement provided:

"9. That Emily Schachter as trustee shall receive the cash assigned to her and the proceeds of the sale of real property when sold, without being formally appointed as trustee by any Court in any additional proceedings, unless petition for such appointment be filed by one or more of the cestui que trusts in some proceedings instituted by them."

From the record it appears that Emily never formally qualified as trustee, and the matter drifted along until 1952, at which time Rebecca, a beneficiary of the trust, filed her petition in the probate court for an order requiring Emily to file a bond as trustee and to render an accounting of the trust property. Following a hearing on this petition and the written objections filed thereto, the probate court made an order directing Emily to formally qualify as trustee; to file a bond in the sum of $1,500, and to render an accounting of the trust property.

On appeal to the district court this ruling was affirmed, and Emily, hereinafter referred to as trustee, has appealed.

The trustee alleges nine specifications of error, but, in general, it may be said that her contentions are that the order of final settlement made in 1942 was final and conclusive upon all interested parties; that the matters now under consideration are thus *res adjudicata*, and that the probate court was without jurisdiction to make the order directing her to qualify as trustee and to post a bond and render an accounting.

In our opinion the trustee's contentions are without merit and cannot be sustained.

In no sense of the word can it be said that the order of final settlement made in 1942 is *res adjudicata* of the right of one of the beneficiaries of the trust to come in at a later date and obtain the relief here sought. That order merely distributed the property of the estate in accordance with the provisions of the will, and while it is true that such order, for the time being, excused the trustee from formally qualifying, yet it further provided for the possibility of the filing of a petition, such as the one now under consideration, by any beneficiary of the trust.

For the purposes of this case we do not consider it necessary to go into any lengthy discussion of the powers and duties of testamentary trustees. It is sufficient to say that under the probate code (G. S. 1949, 59-301) the probate court is vested with original jurisdiction of trusts and powers created by wills, and is empowered to direct and control the official acts of trustees and to settle their accounts. The will in the instant case did not relieve the trustee of any of the duties imposed upon her by statute (G. S. 1949, 59-1607), and by the provisions of G. S. 1949, 59-1610, any beneficiary may apply to the probate court for an order requiring a trustee to perform the duties imposed by law. There is no question but that a probate court, in the exercise of its discretion, or upon application of a beneficiary, can require the performance of such duties on the part of a trustee as it deems necessary for the proper management and preservation of the trust estate. (*In re Estate of Lowe*, 155 Kan. 679, 127 P. 2d 512; *In re Estate of Porter*, 164 Kan. 92, 187 P. 2d 520.)

The judgment of the lower court was clearly correct and is affirmed.