5 Ariz. App. 144 (1967)
424 P.2d 186
In the Matter of the ESTATE of Porter C. TAYLOR, Deceased.
Irene TAYLOR, Appellant,
v.
The FIRST NATIONAL BANK OF OTTAWA, Ottawa, ILLINOIS, Appellee.
2 CA-CIV 280.
Court of Appeals of Arizona.
February 28, 1967.
Rehearing Denied April 13, 1967.
Review Denied May 16, 1967.
*145 Laney, Randolph, Warner & Angle, by Melvin L. Vaughn, Phoenix, for appellant.
Boyle, Bilby, Thompson & Shoenhair, by C. Kilmer Combs, Tucson, for appellee.
MOLLOY, Judge.
Porter C. Taylor died on or about October 29, 1948, a resident of Tucson, Arizona. He left a will, which was duly admitted to probate in the Superior Court in Pima County, which left all of his property to "ALFRED H. TAYLOR, of Glencoe, Illinois (emphasis added), IN TRUST, HOWEVER, for the purposes and upon the terms and conditions * * *" set forth in the will. The principal beneficiary under the trust established was his wife, Irene Taylor, who is the appellant in the instant appeal. The will in question further provided:
"In the event of the death, inability or refusal of my brother, ALFRED H. TAYLOR, to act as trustee hereunder, I hereby appoint THE FIRST NATIONAL BANK of Ottawa, Illinois, successor trustee, * * *."
(Emphasis added)
On or about June 25, 1961, the trustee, Alfred H. Taylor, died and on October 16, 1961, in the subject probate proceeding, and *146 as part of an order settling the accounts of the trustee, the following order was entered:
"2. That FIRST NATIONAL BANK OF OTTAWA, Ottawa, Illinois, be and it is hereby appointed Successor Trustee of the testamentary trust created by the Last Will and Testament of Porter C. Taylor, deceased."
Prior to this order, the First National Bank of Ottawa, Illinois, had been acting as trustee, the record before us indicating that it filed an account and report covering the period from August 1, 1961, to July 31, 1962, which was duly approved and settled by the probate court on August 31, 1962. Thereafter, successive annual accounts and reports were filed by said bank to and including the period from August 1, 1964, to July 31, 1965, each of which accounts and reports were duly approved and settled by the court. The accounts filed indicate that the only assets in the estate were movable property, such as United States Treasury bills, stocks and bonds, FHA insured notes, and cash.
On December 7, 1965, the appellant filed a petition for the removal of the successor trustee and to surcharge its accounts for all of the monies received by it for its services, for the reason that said bank was a foreign corporation and not licensed to do business with the State of Arizona as required by A.R.S. §§ 10-481 and 10-484. It is conceded that the successor bank is a national banking association, incorporated under the laws of the United States, with its principal place of business in Ottawa, Illinois. There is no question but what this bank is authorized to act as a testamentary trustee in the State of Illinois.
On the basis of the petition for the removal, an order to show cause was issued which resulted in a hearing before the court. There was no written response filed by the bank to the petition for removal. At the hearing there was no oral evidence taken. The only evidence admitted by the court was the affidavit of an officer of the trustee bank indicating that it was authorized under its federal charter to conduct a banking business and a certificate from the Secretary of the Arizona Corporation Commission to the effect that the trustee bank was not qualified as a foreign corporation to do business in Arizona. There is no showing in the record before us as to whether any of the assets of the trust were physically within the State of Arizona at the time of the proceedings in the lower court. The only activities of the trustee bank disclosed by the record which have occurred in this state are the filing of the annual accounts and reports mentioned above.
The attack made upon the lower court's order is best summarized in the "summary" contained in the opening brief:
"In order to be appointed as a testamentary trustee, a foreign corporation must comply with Section 10-484. Both the appointment of a foreign corporation, and its serving as testamentary trustee without first complying with Section 10-484, A.R.S., would constitute doing business in the state of Arizona in violation of Section 10-481."
We first consider whether the appointment of the trustee bank is a violation of A.R.S. § 10-484, which, insofar as pertinent, reads as follows:
"A. Upon complying with the provisions of this article, a foreign corporation shall have the same rights and privileges held by a domestic corporation, except as provided in subsections D and E of this section.
* * * * * *
"D. No corporation organized under any jurisdiction other than the United States, or any political subdivision or possession thereof, shall own or hold land within this state.
"E. No foreign corporation shall be appointed to act as executor, administrator, trustee or guardian of the estate of a minor or incompetent person, or in any other fiduciary capacity except as testamentary trustees." (Emphasis added) A.R.S. § 10-484.
*147 We see no intent in this legislation to prohibit a foreign corporation under all circumstances from acting as a testamentary trustee. Generally, foreign corporations are not prohibited from acting as a trustee in another state, unless such be against the public policy of the latter state. In the Restatement of Trusts (Second), § 96 Comment g, we find the following:
"g. Foreign corporations. A corporation organized under the laws of one State and having capacity to act as trustee by the law of that State has capacity to act as trustee in another State, unless it is against the policy of the latter State to allow such a corporation to act as trustee." Restatement (Second), Trusts § 96 Comment g.
In reading A.R.S. § 10-484, supra, together with the preceding three sections contained within Article 17, Chapter 1, Title 10, entitled "Foreign Corporations," we arrive at the conclusion that the thrust of these sections is aimed at foreign corporations "* * * doing or transacting any business, conducting any enterprise, or engaging in any occupation in this state * * *" (from A.R.S. § 10-481, subsec. A), and that unless acting as testamentary trustee constitutes "doing business" in this state there is no proscription against a foreign corporation acting as such contained within this article of our code.
The question remains whether the continuation of the trustee in office is a violation of our statutes regulating the doing of business in this state by foreign corporations. The appellant, seeking to remove the trustee, had the burden of proof. 90 C.J.S. Trusts § 234(g), p. 203. As we have previously pointed out, the only activities established by the record occurring in this state insofar as this trust is concerned are the filing of the annual accounts and reports by the trustee bank.
There is substantial authority to the effect that when a testator intended that a testamentary trust be administered under the laws of a foreign state, such intention controls, and a statute of the state of the probate regulating the administration of the estate is inapplicable. Such a decision is Re Risher, 227 Wis. 104, 277 N.W. 160, 115 A.L.R. 790 (1938).
There is also substantial authority holding that the designation of an out-of-state trust company as trustee presumptively indicates the intent that the trust be administered according to the law of the state of the designated trustee, and that unless such presumption is rebutted by other expressions of intent within the will itself, such expression of intent is controlling. See Restatement, Conflict of Laws § 298, p. 380; Erdheim v. Mabee, 305 N.Y. 307, 113 N.E.2d 433 (1953); In re Turner's Will, 195 Misc. 331, 90 N.Y.S.2d 481 (1949); In re Shipman's Will, 179 Misc. 303, 40 N.Y.S.2d 373, 375 (1942); and see Beal, Conflicts of Law, Vol. 1, § 118 C. 40, pp. 598-99 (1935); see also Restatement (Second), Trusts § 54. Contra, In re Johnson's Estate, 127 N.J. Eq. 576, 14 A.2d 469 (1940). We note that there is no expression of intent in this will to weigh against the intent expressed by the designation of this Illinois bank as trustee.
But in this case we need not go so far as to hold that Arizona has no place in the administration of this trust. It is proper for a court of one state to supervise the administration of a trust according to the law of a foreign jurisdiction. The area of conflicts of laws is replete with decisions in which one court gives full force and effect to the laws of another state through principles of comity. Examples of such decisions in the area of testamentary trusts are the following: In re Carter's Estate, 6 N.J. 426, 78 A.2d 904 (1951); Equitable Trust Co. v. Ward, 29 Del. Ch. 206, 48 A.2d 519 (1946); National City Bank of New York v. Beebe, Sup., 131 N.Y.S.2d 67 (1954), aff'd 285 App.Div. 874, 139 N.Y.S. 2d 238, appeal denied 285 App.Div. 935, 139 N.Y.S.2d 887, appeal dismissed 308 N.Y. 960, 127 N.E.2d 100 (1955).
We do not have before us any contention that this testamentary trust has *148 gone beyond the control of the Arizona court. The trustee bank has submitted itself to the jurisdiction of the superior court and is apparently content to continue to so submit itself in the future. Such is sufficient to give validity to the lower court's orders regardless of whether it otherwise had jurisdiction. In re Gilmaker's Estate, 57 Cal.2d 627, 21 Cal. Rptr. 585, 371 P.2d 321 (1962); In re Knox' Estate, 52 Cal. App.2d 338, 126 P.2d 108 (1942); Restatement, Conflict of Laws § 90, p. 139. See also 14 A.L.R. 621. We are here only concerned with whether the very process of so submitting itself is a violation of our laws regulating the doing of business in this jurisdiction by a foreign corporation. We hold that it is not.
In so holding, we find little authority directly in point either sustaining or recommending against our holding. We distinguish the decision of In re Wellings' Estate, 192 Cal. 506, 221 P. 628 (1923), cited by appellant, because the testamentary trust in question there pertained, in part, to "* * certain real estate situated in Los Angeles county." (221 P. at 630.)
In In re Lowe's Estate, 155 Kan. 679, 127 P.2d 512 (1942), the court had before it the following statute:
"No bank or other corporation, unless it is organized under the laws of and has its principal place of business in this state, or is a national bank located in this state, shall be appointed or authorized directly or indirectly to act as a fiduciary in this state * * *."
127 P.2d at 514.
The case is distinguishable in that Arizona has no similar statutory prohibition.
In Petition of Guaranty Trust Co. (In re Jones' Estate), 248 Mass. 319, 143 N.E. 46 (1924), the court held that the acting as a testamentary trustee would constitute a violation of the statute reading in part:
"No foreign banking association or corporation shall transact business in this commonwealth until it has received a certificate * * *."
143 N.E. at 46.
This last decision does not clearly specify the nature of the activities of the trustee that would occur in Massachusetts. If this case holds that the acceptance of an appointment as a testamentary trustee and acting as such necessarily and per se is the "doing of business" within the jurisdiction of such appointment, we decline to follow the decision.
In In re Armijo's Will, 57 N.M. 649, 261 P.2d 833, 839 (1953), it was held that a foreign corporation's acting as ancillary administrator in New Mexico is not a violation of the "doing business" statutes of that state. This decision is more persuasive to this court. However, we need not adopt the reasoning of that case in its entirety, because it goes farther than necessary to dispose of the appeal now before us. In Armijo, there was real estate in New Mexico requiring administration, so that the activities of the out-of-state national bank would necessarily require more activity within the forum than that established here.
We believe that the intent of our "doing business" statutes is aimed primarily at activities with more commercial flavor than merely filing accounts and reports with a court. Activities such as soliciting trust business within the state, or of administering real estate within the jurisdiction, or of buying and selling securities or other personalty within this jurisdiction  activities with some aura of commercialism  are lacking here. See Restatement, Conflict of Laws § 167, p. 244. We hold the activities of the trustee bank as established in this record do not violate our "doing business" statutes.
The appellant has objected in its reply brief to the consideration of decisions such as Re Risher, which were not presented to the trial court. Ordinarily, a reviewing court will consider a case only upon the theory upon which it was tried in the court below. Rubens v. Costello, 75 Ariz. 5, 251 P.2d 306 (1952); and see 5 Am.Jur.2d Appeal and Error § 546, p. 31. However, an appellate court should affirm the trial judge *149 whenever there is any legal theory supported by the record and within the issues framed by the pleadings, which supports the judgment rendered. Ensign v. Bohn, 1 Ariz. App. 386, 403 P.2d 321 (1965); Mountain States Construction Company v. Riley, 88 Ariz. 335, 356 P.2d 648 (1960); Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695, 118 A.L.R. 1203 (1938); and see 5 Am.Jur.2d Appeal and Error § 546, pp. 31-32; and 5 C.J.S. Appeal and Error § 1464(1), pp. 651-668.
Here, as we have noted, there were no issues "framed" by the pleadings in that there was no response filed to the petition for removal. Generally, a responsive pleading to an order to show cause is not required unless ordered by the court. 60 C.J.S. Motions and Orders § 33, pp. 29-30. We take judicial notice that on orders to show cause issued by the superior court in Pima county responsive pleadings as a matter of course are not filed. State v. Superior Court in and for County of Pima, 4 Ariz. App. 373, 420 P.2d 945 (1966).
The Rules of Civil Procedure are generally applicable in a probate proceeding. 6 A.R.S. § 14-1201. 16 A.R.S. Rule 8(e), Rules of Civil Procedure, reads in part:
"Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." 16 A.R.S. Rule 8(e), Rules of Civil Procedure.
On this state of the pleadings, we hold that the issues "framed" below were sufficiently broad to encompass the reasons adopted here for affirming the trial court. We do not pass upon the two additional defenses made of the trial court's order, to wit, that the petitioner by accepting the services of the trustee has estopped herself from questioning its appointment and that because the trustee bank is incorporated under the laws of the United States, it is not required to comply with Arizona acts regulating foreign corporations. This latter contention we believe raises a constitutional question, see Bank of America, National Trust Savings Ass'n v. Lima, 103 F. Supp. 916 (D.C.Mass. 1952), and it is proper to decline to decide constitutional questions when it is unnecessary to do so. See 16 C.J.S. Constitutional Law § 94, p. 317; 16 Am.Jur.2d Constitutional Law § 111, pp. 296-97.
Judgment affirmed.
HATHAWAY, C.J. and KRUCKER, J., concur.